UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
PDC MILFORD POWER LLC,              )
                                    )
                    Plaintiff,      )
                                    )
MILFORD HOLDINGS, LLC,              )
KBC BANK N.V., AUSTRALIA AND        )
NEW ZEALAND BANKING GROUP           )
LIMITED, BNP PARIBAS, NIB           )   Civil Action No. 04 10857 NG
CAPITAL BANK N.V., TEACHERS         )
INSURANCE AND ANNUITY               )
ASSOCIATION OF AMERICA,             )
WestLB AG, SUMITOMO MITSUI          )
BANKING CORPORATION, TRUST          )
COMPANY OF THE WEST and             )
EXPORT DEVELOPMENT CANADA,          )
                                    )
                    Defendants.     )
_____ )
```

**DEFENDANT MILFORD HOLDINGS, LLC'S MOTION
FOR EXTENSION OF TIME TO MOVE, ANSWER,
<u>COUNTERCLAIM OR OTHERWISE RESPOND TO THE COMPLAINT</u>**

Defendant Milford Holdings, LLC ("Milford Holdings"), by its attorneys, hereby moves the Court for an order extending the time for Milford Holdings to move, answer, counterclaim or otherwise respond to Plaintiff's Complaint to and including June 22, 2004. In support of this motion, Milford Holdings states as follows:

1.  Plaintiff filed a Complaint in this action on April 30, 2004. Milford Holdings has retained Dickstein Shapiro Morin *&* Oshinsky LLP to represent it in connection with this matter.

2.  On Tuesday, May 18, 2004, Defendant KBC Bank N.V. ("KBC") filed on behalf of itself and all other Defendants, including Milford Holdings, a Motion for Extension of Time to Move, Answer, Counterclaim or Otherwise Respond ("KBC Motion"). As recounted in

paragraph 6 of KBC's Motion, counsel for the Plaintiff, PDC Milford Power, LLC, did not oppose the requested extension as applicable to all defendants, including Milford Holdings.

     3.     On Thursday, May 20, 2004, the Court granted the KBC Motion as to KBC, but denied the Motion, without prejudice, as to parties not represented by counsel for KBC.

     4.     No party or witness will be prejudiced by the requested extension being granted to Milford Holdings. Further, the relief sought, if granted, will serve the interest of justice by providing counsel with the time to adequately research and prepare a response to Plaintiff's Complaint.

     5.     Milford Holdings has not requested any prior extensions of time.

     6.     Milford Holdings reserves all rights and defenses, including, but not limited, to defenses and objections as to venue, personal jurisdiction, subject matter jurisdiction or service of process. Nothing herein shall be construed as a waiver of any such defenses and objections or as a consent to jurisdiction.

     7.     Upon information and belief, based upon the representations contained in paragraph 6 of KBC's Motion, Plaintiff's counsel does not oppose the requested extension of time to Milford Holdings provided that the motion does not prejudice Plaintiff's rights in connection with seeking consideration by the court of the preliminary injunction motion prior to the responsive pleading deadline. Counsel for Milford Holdings has attempted to verify Plaintiff counsel's lack of opposition but has been unable to do so prior to filing this Motion because of the emergency nature of Milford Holdings' request.

WHEREFORE, Milford Holdings respectfully requests the Court to grant Milford Holdings an extension of time to and including June 22, 2004 to move, answer, counterclaim or otherwise respond to Plaintiff's Complaint.

Dated: May 21, 2004                              Respectfully submitted,

                                    s/ Daniel G. Cromack
By _____
    Daryl J. Lapp (BBO #554980)
    Daniel G. Cromack (BBO #652252)
    PALMER & DODGE LLP
    111 Huntington Avenue
    Boston, MA 02199
    (617) 239-0100

    Larry F. Eisenstat
    Michael R. Engleman
    Dickstein Shapiro Morin & Oshinsky LLP
    2101 L Street, N.W.
    Washington, DC  20037
    (202) 955-6676
    eisenstatl@dsmo.com
    englemanm@dsmo.com