UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PDC MILFORD POWER LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MILFORD HOLDINGS, LLC,<br>KBC BANK N.V., AUSTRALIA AND<br>NEW ZEALAND BANKING GROUP<br>LIMITED, BNP PARIBAS, NIB<br>CAPITAL BANK N.V., TEACHERS<br>INSURANCE AND ANNUITY<br>ASSOCIATION OF AMERICA,<br>WestLB AG, SUMITOMO MITSUI<br>BANKING CORPORATION, TRUST<br>COMPANY OF THE WEST and<br>EXPORT DEVELOPMENT CANADA,<br><br>        Defendants. | Civil Action No. 04 10857 NG |

**KBC BANK N.V.'s RULE 12(b)(1), 12(b)(2) and 12(b)(6) MOTIONS TO DISMISS**

Pursuant to Fed. R. Civ. P. Rule 12(b)(1), 12(b)(2) and 12(b)(6), KBC Bank N.V. ("KBC") moves to dismiss for the reasons set forth below.

    A.    <u>Rule 12(b)(1) Motion to Dismiss</u>.

Pursuant to Fed. R. Civ. P. Rule 12(b)(1), Defendant KBC Bank N.V. ("KBC") moves to dismiss Plaintiff's Complaint. As grounds therefor, KBC states, *inter alia*, that:

        1.    There is no diversity jurisdiction because Plaintiff has failed to set forth facts necessary to ascertain the citizenship of the parties; and

2. Even if Plaintiff did not deficiently plead, there is no diversity jurisdiction because extrinsic evidence establishes that Plaintiff is a citizen of New York and Massachusetts and Defendants are also citizens of New York and Massachusetts.

3. There is no federal claim jurisdiction, *inter alia*, because equitable subordination is not cognizable outside of bankruptcy.

Further grounds for KBC's Rule 12(b)(1) Motion to Dismiss are set forth in KBC's Memorandum of Law in Support of Its Rule 12(b)(1), Rule 12(b)(2) and 12(b)(6) Motions to Dismiss, the Affidavit of Susan Silver and exhibits annexed thereto, the Affidavit of Livia L. Maghiar and exhibits annexed thereto, the Affidavit of Danielle Krause and exhibits annexed thereto, and the Affidavit of Gary Lambert.

B. Rule 12(b)(2) Motion to Dismiss.

Additionally, pursuant to Fed. R. Civ. P. Rule 12(b)(2), Defendant KBC Bank N.V. ("KBC") moves to dismiss Plaintiff's Complaint. As grounds therefor, KBC states, *inter alia*, that:

1. This Court does not have personal jurisdiction over KBC pursuant to the Massachusetts Long-Arm Statute; and

2. The exercise of personal jurisdiction over KBC would violate the due process clause because there are not sufficient contacts under either a general or personal theory of personal jurisdiction.

Further grounds for KBC's Rule 12(b)(2) Motion to Dismiss are set forth in KBC's Memorandum of Law in Support of Its Rule 12(b)(1), Rule 12(b)(2) and 12(b)(6) Motions to Dismiss, the Affidavit of Susan Silver and exhibits annexed thereto, and the Affidavit of Danielle Krause and exhibits annexed thereto.

C.   Rule 12(b)(6) Motion to Dismiss.

Additionally, pursuant to Fed. R. Civ. P. Rule 12(b)(6), Defendant KBC Bank N.V. ("KBC") moves to dismiss all counts of Plaintiff's Complaint. As grounds therefor, KBC states, *inter alia*, that:

1. The breach of fiduciary duty claims (Counts I, II and VI) fail to state a claim upon which relief may be granted because, *inter alia*, there is no fiduciary duty owing from KBC (or the other Lender Defendants) to Plaintiff.

2. Counts III and V (breach of contract) fail to state a claim upon which relief may be granted because, *inter alia*, KBC (and the Lender Defendants) are not parties to the relevant contract.

3. Count IV (lender liability) fails to state a claim upon which relief may be granted because, *inter alia*, (1) Plaintiff is not the borrower and therefore lacks standing to bring a lender liability claim, and (2) Plaintiff fails to allege the essential elements for a tortious interference claim.

4. Count VIII (Accord and Satisfaction) fails to state a claim upon which relief may be granted because, *inter alia*, (1) accord and satisfaction is an affirmative defense, not a claim, and (2) accord and satisfaction requires a plaintiff to plead that there has been a compromise between plaintiff and defendant, and no such compromise has been pled.

5. The equitable subordination claim (Count VII) fails to state a claim upon which relief may be granted because, *inter alia*, (1) relief under Section 510(c) of the United States Bankruptcy Code, 11 U.S.C. § § 101 (et seq.) (the "Bankruptcy Code")

is only available in a bankruptcy case, and (2) Section 510(c) does not in any event permit Defendants' claim to be subordinated to Plaintiff's equitable interest.

6.  KBC moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's claim for compensatory and punitive as all damages other than actual damages are barred by the Amended and Restated Limited Liability Company Agreement of Milford Power Company, LLC as stated in Milford Holdings, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

Further grounds for KBC's Rule 12(b)(6) Motion to Dismiss are set forth in KBC's Memorandum of Law in Support of Its Rule 12(b)(1), Rule 12(b)(2) and Rule 12(b)(6) Motions to Dismiss and Milford Holdings, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) Section II, C.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

On June 16, 2004, counsel for KBC, James L. Messenger, conferred with Stephen DeLisle, counsel for Plaintiff, and informed him that KBC would be moving to dismiss. The parties acknowledge that the matter could not be resolved prior to filing and serving these papers.

KBC BANK N.V.

By its attorneys,

_____
James L. Messenger (BBO #547236)
Andrew Troop (BBO #547179)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 772-8300
Fax: (617) 773-8333

## CERTIFICATE OF SERVICE

I, James L. Messenger, hereby certify that on June 22, 2004, I served a copy of the KBC Bank N.V.'s Rule 12(b)(1), Rule 12(b)(2) and Rule 12(b)(6) Motions to Dismiss, via first class mail, on the following individuals:

Gary C. Crossen, Esq.
RUBIN AND RUDMAN LLP
50 Rowes Wharf
Boston, Massachusetts 02110

Michael Engelman, Esq.
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
2101 L Street NW
Washington, DC 20037

Sander Rikleen, Esq.
EDWARDS & ANGELL LLP
101 Federal Street
Boston, Massachusetts 02110

Daniel Gordon Cromack
PALMER & DODGE, LLP
111 Huntington Ave.
Prudential Center
Boston, Massachusetts 02199

_____
James L. Messenger