UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PDC MILFORD POWER LLC,              )
                                    )
                        Plaintiff,  )
                                    )
v.                                  )
                                    )
MILFORD HOLDINGS, LLC,              )
KBC BANK N.V., AUSTRALIA AND        )
NEW ZEALAND BANKING GROUP           )
LIMITED, BNP PARIBAS, NIB           )   Civil Action No. 04 10857 NG
CAPITAL BANK N.V., TEACHERS         )
INSURANCE AND ANNUITY               )
ASSOCIATION OF AMERICA,             )
WestLB AG, SUMITOMO MITSUI          )
BANKING CORPORATION, TRUST          )
COMPANY OF THE WEST and             )
EXPORT DEVELOPMENT CANADA,          )
                                    )
                        Defendants. )
_____)

**MILFORD HOLDINGS, LLC'S MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

Pursuant to Fed. R. Civ. P. Rule 12(b)(1), Defendant Milford Holdings, LLC ("Milford Holdings") moves to dismiss Plaintiff, PDC Milford Power LLC's ("PDC") Complaint as PDC has failed to establish subject matter jurisdiction in this Court. Alternatively, pursuant to Fed. R. Civ. P. Rule 12(b)(6), Milford Holdings moves to dismiss Counts I, II, III of PDC's Complaint for failure to state

a claim against Milford Holdings upon which relief can be granted. In addition, Milford Holdings moves, pursuant to F.R.C.P. 12(b)(6), to dismiss PDC's claim for compensatory and punitive as all damages other than actual damages are barred by the Amended and Restated Limited Liability Company Agreement of Milford Power Company, LLC ("MPC LLC Agreement"). As grounds therefor, Milford Holdings states:

1. PDC has not sufficiently plead the relevant facts for the Court to determine for diversity of citizenship purposes the citizenship of all the parties in this case.

2. Even if the relevant facts were properly plead by the PDC, those facts would show that jurisdiction based on diversity of citizenship is lacking in this case.

3. For diversity of citizenship purposes, PDC is a citizen of the state of New York, as the Plaintiff is a limited liability company with two members who are citizens of the state of New York.

4. PDC is also a citizen of the state of Massachusetts, as it is a limited liability company organized under the laws of the Commonwealth of Massachusetts. Compl. ¶ 1.

5. Milford Holdings, likewise, is a citizen of the state of New York, as it is a limited liability company with a First Tier Member, Teachers Insurance and Annuity Association of America ('Teachers"), who is a citizen of the state of New York.

6. As set forth more fully in *Milford Holdings, LLC's Memorandum of Law in Support of its Motion to Dismiss*, Milford Holdings also is a citizen of the Commonwealth of Massachusetts, as it has a Third Tier Member who is a citizen of the state of Massachusetts.

7. Because both PDC and Milford Holdings are citizens of both Massachusetts and New York, this Court lacks subject matter jurisdiction.

8. Alternatively, Counts I, II and III fail to state a claim upon which relief can be granted.

9. The breach of fiduciary duty claims (Counts I and II) fail to state a claim upon which relief may be granted because 1) Milford Holdings' actions under the MPC LLC Agreement were entirely consistent with the contract, thereby negating a breach of fiduciary duty claim; 2) PDC has not identified specific actions of Milford Holdings which constituted a breach of fiduciary duty; and 3) PDC has not plead these claims with the specificity required by the MPC LLC Agreement or the applicable business judgment rule.

10. The breach of contract claim (Count III) fails to state a claim upon which relief may be granted because 1) its actions, as alleged in the PDC Complaint, are entirely consistent with the MPC LLC Agreement; 2) PDC has failed to even allege any contractual obligations that were breached by the actions of Milford Holdings.

11. PDC's request for compensatory and punitive damages fails to state a claim against Milford Holdings upon which relief can be granted as all claims for damages between Members are barred, with the exception of actual damages. PDC has not plead any actual damages.

Further grounds for Milford Holdings' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss are set forth in Milford Holdings' Memorandum of Law in Support of Its Rule 12(b)(1) and 12(b)(6) Motions to Dismiss, and the Affidavit of Gary Lambert.

## REQUEST FOR ORAL ARGUMENT

Milford Holdings requests oral argument on the issues presented by this motion.

Dated: June 22, 2004                        Respectfully submitted,

By /s/ Daniel G. Cromack
Daryl J. Lapp (BBO #554980)
Daniel G. Cromack (BBO #652252)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100


Larry F. Eisenstat
Michael R. Engleman
Andrew S. Weinstein
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC  20037
(202) 955-6676
eisenstatl@dsmo.com
englemanm@dsmo.com

**Counsel For Milford Holdings, LLC**

CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2).

I hereby certify that on June 22, 2004, counsel for Milford Holdings, LLC conferred with counsel for PDC Milford Power LLC in an effort to resolve the issues presented in this motion.

/s/ Daniel G. Cromack