UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
PDC MILFORD POWER LLC, )
)
                Plaintiff, )
)
MILFORD HOLDINGS, LLC, )
KBC BANK N.V., AUSTRALIA AND )
NEW ZEALAND BANKING GROUP )
LIMITED, BNP PARIBAS, NIB )   Civil Action No. 04 10857 NG
CAPITAL BANK N.V., TEACHERS )
INSURANCE AND ANNUITY )
ASSOCIATION OF AMERICA, )
WestLB AG, SUMITOMO MITSUI )
BANKING CORPORATION, TRUST )
COMPANY OF THE WEST and )
EXPORT DEVELOPMENT CANADA, )
)
                Defendants. )
_____)

**MILFORD HOLDINGS, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTIONS TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

Milford Holdings, LLC ("Milford Holdings"), submits this Memorandum of Law in Support of its Rule 12(b)(1) and 12(b)(6) Motions to Dismiss. As set forth below, this Court lacks subject matter jurisdiction over the claims asserted as both Plaintiff, PDC Milford Power LLC ("PDC") and Defendant, Milford Holdings are deemed, for diversity jurisdiction purposes, to be citizens of both Massachusetts and New York; thus, there is no diversity of citizenship between the parties.[1] The Complaint also fails

---

[1] Upon information and belief, diversity of citizenship also is lacking as one or more of the other Defendants is deemed to be a citizen of New York, as is Plaintiff, for purposes

to state a claim against Milford Holdings upon which relief can be granted for either breach of fiduciary duty or breach of contract. Finally, PDC's request for compensatory and punitive damages should be denied, as such damage awards are contractually prohibited.

## SUMMARY OF ARGUMENT

On April 28, 2004, PDC filed its Complaint in the captioned proceeding alleging that Milford Holdings, coupled with KBC Bank N.V. ("KBC"), Australia and New Zealand Banking Group Limited ("ANZ"), BNP Paribas ("BNP"), NIB Capital Bank N.V. ("NIB"), Teachers Insurance and Annuity Association of America ("Teachers"), WestLB AG ("West"), Sumitomo Mitsui Banking Corporation ("Sumitomo"), Trust Company of the West ("West") and Export Development Canada ("EDC") (collectively the "Lender Defendants") breached a fiduciary duty owed to PDC. The Complaint also asserted a breach of contract claim against Milford Holdings and the Lender Defendants.[2]

In bringing its claim in this Court, PDC asserts, without providing any factual support, that this Court "has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs." Compl. ¶ 12. PDC's assertion in this regard is erroneous as both PDC and Milford Holdings are citizens of

---

of determining diversity jurisdiction. For a more complete discussion of New York citizenship issues, see KBC Bank N.V.'s Memorandum of Law in Support of its Motion to Dismiss.

[2] The Complaint also asserted several counts against the Lender Defendants in which Milford Holdings was not named.

2

Massachusetts and New York (among other places) for purposes of determining the existence of diversity of citizenship.

PDC and Milford Holdings are both limited liability companies. For purposes of determining the existence of diversity jurisdiction in litigation involving limited liability companies, a limited liability company is deemed to be a citizen of all the states in which its members are citizens. Where a limited liability company's members are themselves limited liability companies, the court looks to the citizenship of each of the members of that limited liability company in determining the citizenship of the plaintiff or defendant limited liability company.[3]

Applying this analysis to this case, Milford Holdings is deemed a citizen of both Massachusetts and New York, because it has a Third Tier Member who is a citizen of Massachusetts and a First Tier Member that is a citizen of New York. While PDC did not plead its citizenship, it is a limited liability company organized under the laws of Massachusetts and, upon information and belief, has members who are citizens of New York.[4] Because both PDC and Milford Holdings are deemed to be citizens of both Massachusetts and New York, there is no diversity of citizenship and this Court lacks subject matter jurisdiction.

PDC's Complaint also fails to state claims upon which relief may be granted against Milford Holdings. PDC has alleged that Milford Holdings breached the Amended and Restated Limited Liability Company Agreement of Milford Power

---

[3] For purposes of this analysis, the members of the plaintiff or defendant limited liability company are referred to as First Tier Members. If any of the First Tier Members are limited liability companies, their members are referred to as Second Tier Members. If any of the Second Tier Members are limited liability companies, their members are referred to as Third Tier Members and so forth.

[4] *See Krause Affidavit* ¶ 2.

1783865 v5; 128FT05!.DOC

Company, LLC ("MPC LLC Agreement").[5] However, PDC's allegations fail to indicate any provision of the MPC LLC Agreement that prohibits the actions alleged to have been taken by Milford Holdings of which PDC complains. Likewise, PDC did not allege, nor can it, that specific provisions of the MPC LLC Agreement required Milford Holdings to take specific actions under the facts it plead. As a result of PDC's failure to affirmatively plead Milford Holding's violation of any contractual provisions, PDC has failed to state a claim for breach of contract and as such, the breach of contract claim (Count III) must be dismissed.

PDC has also alleged that Milford Holdings breached its fiduciary duty to PDC under the MPC LLC Agreement. The Delaware business judgment rule and a provision in the MPC LLC Agreement limiting liability, require that PDC plead a breach of fiduciary duty claim with specificity. PDC has failed to do so, and as such, the breach of fiduciary duty claims must be dismissed.

Finally, PDC also alleged in its Complaint that this Court should award compensatory and punitive damages for the alleged breach of the Agreement and any fiduciary duties arising under this Agreement. However, Section 12.4 of the MPC LLC Agreement explicitly shields parties to the Agreement from any damages beyond actual damages. As such, PDC's request for relief for compensatory and punitive damages should be denied, and this claim should be dismissed.

---

[5] The MPC LLC Agreement was attached as Exhibit A of the PDC Complaint. For a more complete discussion of the MPC LLC Agreement, and the parties to the Agreement, *see KBC Bank N.V.'s Memorandum in Support of its Motion to Dismiss*.

1783865 v5; 128FT05!.DOC

I.  **THIS COURT LACKS SUBJECT MATTER JURISDICTION AS THERE IS NOT DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES**

This Court lacks subject matter jurisdiction over Milford Holdings, as both PDC and Milford Holdings are citizens of both Massachusetts and New York, thereby precluding this Court's exercise of diversity jurisdiction. In order for a federal district court to acquire subject matter jurisdiction over a proceeding, no plaintiff may be the citizen of any state in which a defendant is also a citizen. *See* 28 U.S.C. § 1332; *Bank One, Texas v. Montel*, 964 F.2d 48, 49 (1st Cir. 1992). Courts have held that, in analyzing diversity jurisdiction, a limited liability company is a citizen in every state in which any of its members is a citizen. *See Ketterson v. Wolf*, 2001 U.S. Dist. LEXIS 12535 at *8 (D. Del. 2001). This principle derives from cases addressing the issue in the context of partnership law. In those cases, the courts have said that a defendant is a citizen in every state in which its limited partners are citizens, and if the limited partner is a limited partnership, the defendant is also a citizen in every state in which the limited partners of the limited partnership are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).

The approach in *Carden* creates a multi-tier analysis for determining citizenship of a limited liability company. *See Cerberus Partners, L.P. v. Gadsby Hannah*, 976 F. Supp. 119, 123 (D.R.I. 1997). Under these holdings, if a limited liability company has a member who is a limited liability company (First Tier Member), the court must look to the citizenship of the members of that limited liability company, also referred to as a Second Tier Member. If the Second Tier member has a member who is a limited liability company, the court again must look to the citizenship of the Second Tier Member's members, referred to as Third Tier Members. In analyzing diversity

jurisdiction in this case, this Court should apply this multi-tiered approach to determine the citizenship of the parties to this case.

To properly plead that a court has subject matter jurisdiction over a case pursuant to 28 U.S.C. § 1332, where one or more parties is a limited liability company, the plaintiff must delineate the citizenship of each member of the limited liability company.  *See Barnes v. Farmland National Beef Packing Company, L.P.*, 169 F. Supp. 2d 1235, 1237 (D. Kan. 2001).  However, here PDC has not properly defined its own citizenship, let alone the citizenship of all of the necessary parties.  Specifically, PDC plead in its Complaint that it was a Massachusetts limited liability company.  Compl. ¶ 1.  However, PDC has failed to identify the citizenship of its members.  Such a failure by PDC is grounds in itself for dismissal of this case.  *See London Club Int'l v. Sommer*, 2001 U.S. Dist. LEXIS 15654 (S.D.N.Y. 2001).

Going beyond PDC's failure to appropriately plead its own citizenship, applying the multi-tiered approach reveals that diversity of citizenship does not exist.  Milford Holdings is deemed to be a citizen of Massachusetts as Milford Holdings' managing member is CPV Milford Management, LLC (First Tier Member), whose sole member is Milford E&L, LLC (Second Tier Member).  In turn, one member of Milford E&L, LLC is Gary Lambert (Third Tier Member) who resides in Massachusetts.  *See Lambert Affidavit* ¶ 6.  Under the multi-tiered approach, because Milford Holdings has a Third Tier Member who is a citizen of Massachusetts, Milford Holdings is deemed a citizen of Massachusetts for the purposes of determining diversity of citizenship. Because PDC asserts that it is a Massachusetts limited liability company, it is also a Massachusetts citizen and diversity of citizenship is lacking.

Furthermore, upon information and belief, PDC has two members who are also citizens of New York. *See Krause Affidavit.* ¶ 2. Milford Holdings is also a citizen of New York, as one of its First Tier members, Defendant Teachers Insurance and Annuity Association of America ("Teachers") is a citizen of New York. *See Maghiar Affidavit* ¶ 2. As PDC is a citizen of Massachusetts and New York, and Milford Holdings is also a citizen of Massachusetts and New York, there is simply no diversity of citizenship in this case. Therefore, the Court lacks subject matter jurisdiction and dismissal is appropriate.

## II. PDC HAS FAILED TO ADEQUATELY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST MILFORD HOLDINGS

### A. Breach of Contract

In Count III, PDC alleges that the conduct of Milford Holdings coupled with actions of the Lender Defendants, constituted a breach of the MPC LLC Agreement. PDC has failed to state a claim for breach of contract as PDC makes no reference to contractual provisions prohibiting the actions alleged to have been taken by Milford Holdings or requiring actions that Milford Holdings allegedly did not take.

The MPC LLC Agreement includes a choice of law provision under which the parties agreed that Delaware law would control. Delaware law holds that in order for a breach of contract claim to survive a motion to dismiss, "the plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *See VLIW Technology v. Hewlett-Packard Company Stmicroelectronics, Inc.*, 840 A.2d 606, 612 (Del. 2003) (holding that a breach of contract claim will survive a motion to dismiss as the Plaintiff identified specific contract provisions which articulated the confidentiality requirement that was breached by the contracting party). In this case,

7

PDC has not come close to satisfying the standard articulated by Delaware law as PDC has not identified any specific contract provisions that it asserts that Milford Holdings breached.  Furthermore, PDC has not identified any damage resulting from the only two actions it does allege Milford Holdings to have taken.

PDC's complaint alleges (1) that Milford Holdings provided PDC notice of its intent for MPC to enter into several contractual arrangements, without seeking input from PDC on these corporate decisions (Compl. ¶ 34), and (2) that Milford Holdings passed a resolution, without PDC input, directing MPC to apply for membership in the New England Power Pool.  Compl. ¶ 44.  PDC's complaint did not reference any specific provisions of the MPC LLC Agreement or any obligations or duties set forth in MPC LLC Agreement which it alleges Milford Holdings breached by the conduct alleged in the Complaint.  PDC's complaint cites only portions of Article V of the MPC LLC Agreement.  That Article defines how certain corporate decisions must be made under the Agreement.  None of the four subsections of Article V cited by PDC requires unanimous consent for the actions referenced in Paragraphs 34 and 41 of the Complaint.  Nor has PDC identified any obligation under the Agreement which requires that Milford Holdings seek input from PDC before causing MPC to enter into the contractual arrangements cited in the Complaint or seeking membership in the New England Power Pool ("NEPOOL").

PDC has also failed to tie any damages it allegedly incurred to a breach of contracts by Milford Holdings.  PDC, in fact, conceded in its Complaint that one of the acts, entrance into the NEPOOL, could reap tremendous financial benefits for MPC from the integration of locational capacity pricing.  PDC stated that such pricing would "increase dramatically the profit potential of MPC." *See* Compl. ¶¶ 39-40.  Thus, PDC's

8

complaint fails the third prong set forth in *VLIW Technology* of showing resultant damage from any alleged breach.

In summary, to satisfy Delaware law and survive a motion to dismiss, PDC needed to affirmatively describe the obligations under the MPC LLC Agreement that were breached by Milford Holdings and identify the actual damages resulting therefrom. Having failed to do so, PDC has not adequately stated a breach of contract claim against Milford Holdings upon which relief can be granted and Count III should be dismissed.

### B.     Breach of Fiduciary Duty Claims

Counts I and II of the Complaint fail to state a claim against Milford Holdings upon which relief can be granted for breach of fiduciary duty. In fact, Count I of the Complaint, although alleging a breach by Milford Holdings, fails to even allege that Milford Holdings owed a duty to PDC. In paragraph 46 of the Complaint, PDC alleges

> The Lender defendants, which combine as 95% shareholders of MPC through the vehicle of the holding company, MH LLC, owe PDC a duty of loyalty and good faith and must treat PDC fairly and without oppression.[6]

Having not alleged that Milford Holdings owed it a duty, PDC cannot be heard in Paragraph 48 to assert that Milford Holdings breached a duty to it. As drafted, Count I of PDC's Complaint fails to state a claim against Milford Holdings for which relief can be granted.

---

[6] Milford Holdings citation of paragraph 46 of the Complaint does not suggest that Milford Holdings agrees that the Lender Defendants owe PDC a duty of loyalty and good faith. In fact, as set forth in *KBC Bank N.V.'s Memorandum in Support of its Motion to Dismiss*, no such duty exists.

9

Issues of draftsmanship notwithstanding, Counts I and II also fail to state a claim against Milford Holdings for breach of fiduciary duty because PDC has not alleged specific conduct of Milford Holdings constituted a breach of duty or caused damages. Such specific allegations are required by both the Delaware Business Judgment Rule and by the MPC LLC Agreement itself.

The fact that specific stand alone claims against Milford Holdings are not alleged is not surprising as barely 2 months prior to filing the Complaint, PDC filed a bankruptcy petition, under penalty of perjury. That Petition, in listing claimed assets, including some of the claims asserted in this case, did not identify any claims against Milford Holdings as part of its Bankruptcy estate. A copy of the Bankruptcy Petition is attached as Exhibit 1. Furthermore, any claims for breach of fiduciary duty could not have arisen since the date of the bankruptcy filing as PDC's bankruptcy filing automatically resulted in PDC's withdrawal as a member of MPC LLC and, thus, no duty was owed to PDC after that point, assuming one ever existed. *See* Article 11.2 of the MPC LLC Agreement attached to PDC's Complaint as Exhibit A.

PDC's failure to plead acts by Milford Holdings which constitute a breach of fiduciary duty is fatal to its claim and Counts I and II must be dismissed for failure to state a claim upon which relief can be granted. In this regard, both the Delaware business judgment rule and the MPC LLC Agreement require pleading a breach of duty claim with such specificity.

Delaware law recognizes the "business judgment rule" and applies it to protect directors from liability for their corporate decision-making. The business judgment rule protects the business decisions of corporate directors from liability by presuming that "directors making a business decision, not involving self-interest, act on

10

an informed basis, in good faith and in the honest belief that their actions are in the corporation's best interest." *Stanziale v. Nachtomi*, 2004 U.S. Dist. LEXIS 7375 (D. Del. 2004). A Delaware court has recognized that this business judgment rule extends to members of a limited liability company. *See VGS, Inc. v. Castiel*, 2000 Del. Ch. LEXIS 122, *15-16 (Del Ct. Ch. 2000). As PDC alleges in its Complaint that Milford Holdings is the one who undertook the corporate decision-making for MPC, Milford Holdings should be afforded the protections of the business judgment rule.

The business judgment presumption cannot be overcome except by pleading with specificity the actions of the defendant that the plaintiff alleges are contrary to a duty to the plaintiff. In order to overcome the business judgment rule, and avoid dismissal, the plaintiff must either 1) establish with well-pleaded facts that the directors acted out of self-interest; or 2) establish with well pleaded facts that the directors acted fraudulently, in bad faith or were grossly negligent. *See In re General Motors Class E Stock Buyout Securities Litigation*, 694 F. Supp. 1119, 1132 (D. Del. 1988). Here, PDC has not satisfied either of these requirements. As noted above, the PDC Complaint references only two actions by Milford Holdings, neither of which on their face can be said to constitute a breach of fiduciary duty. PDC does not make any effort to specifically show how Milford Holdings actions actually were self-interested – instead PDC just offers some conclusory statements. Compl. ¶¶ 47, 53. Second, PDC has not alleged that Milford Holdings acted fraudulently, in bad faith or grossly negligent. If the plaintiff cannot overcome the burden created by the business judgment rule, the claim should be dismissed. *See in re General Motors* at 1132. As PDC has failed to overcome the burden here, Counts I and II should be dismissed.

The specificity required by the business judgment rule is also consistent with Article 12.1 of the MPC LLC Agreement which provides for a limitation of liability with respect to claims between members. Delaware law explicitly provides that a limited liability company may expand or restrict the duties, including fiduciary duties, and liabilities of its members by including provisions in the LLC Agreement which define such restrictions or expansions. *See* Del Code Ann. Tit. 6 § 18-1101(c); *See Senior Tour Players 207 Management Company LLC, Stanton v. Abrams*, 2004 Del. Ch. LEXIS 22 (2004). Article 12.1 of the MPC LLC Agreement provides that members shall not be liable

> to each other for any loss suffered by the other arising out of any action or omission by such party, so long as such action or omission (a) was in good faith, (b) was consistent with the provisions of this Agreement, (c) was, in the reasonable judgment of the party involved, in the best interest of the Company and (d) did not constitute bad faith, gross negligence, fraud, or willful misconduct of the party involved . . ..

PDC completely ignores the pleading requirements of this provision. PDC did not allege that any of the specific factors identified in Article 12.1 was present with respect to the alleged actions of Milford Holdings. PDC's allegations therefore fail to state a claim upon which relief can be granted for breach of fiduciary duty as to Milford Holdings.

    C.    **Plaintiff's Claim For Compensatory And Punitive Damages Fails To State A Claim For Relief Upon Which Relief Can Be Granted As The MPC LLC Agreement Prohibits Consequential And Punitive Damages**

In its Prayer for Relief (¶ 3), PDC further requests that this Court award compensatory and punitive damages. As to Milford Holdings, PDC's claim for compensatory and punitive damages must fail, even if all facts asserted by PDC are proven as true, because the MPC LLC Agreement explicitly shields Members from

liability to other Members for consequential or punitive damages. Section 12.4 of the MPC LLC Agreement provides that:

> <u>Consequential Damages</u> - Notwithstanding anything to the contrary in this Agreement, any damages resulting from a breach of this Agreement by a Member shall be limited to actual damages incurred by the Member claiming damages and that no Member shall be liable for claims or causes of action arising under this Agreement for consequential or incidental damages including but not limited to any claims for indirect losses, loss of business opportunity or of the lost profits or for punitive or exemplary damages.

Delaware law recognizes the enforceability of limitation of damage provisions in an LLC Agreement. *See* Del Code Ann. Tit. 6 § 18-1101(c); *See Senior Tour Players 207 Management Company LLC, Stanton v. Abrams*, 2004 Del. Ch. LEXIS 22 (2004). As a Member of MPC, Milford Holdings is protected by the MPC LLC Agreement from liability for any damages beyond actual damages, arising from claims under the Agreement. The MPC LLC Agreement specifically prohibits claims for indirect losses, loss of business opportunity, lost profits and punitive damages. As such, PDC's claim for compensatory and punitive damages against Milford Holdings should be dismissed.

**CONCLUSION**

WHEREFORE, Milford Holdings respectfully requests that its 12(b)(1) Motion be allowed as this Court lacks subject matter jurisdiction. Alternatively, if PDC can establish diversity of citizenship, Milford Holdings' 12(b)(6) Motion to Dismiss must be allowed as PDC's claims against Milford Holdings for breach of fiduciary duty and breach of contract fail to state a claim upon which relief can be granted. Finally, any claim for damages beyond actual damages fails to state a claim as to Milford Holdings as the MPC LLC Agreement prohibits all damages beyond actual damages.

Dated: June 22, 2004

Respectfully submitted,

By /s/ Daniel G. Cromack
Daryl J. Lapp (BBO #554980)
Daniel G. Cromack (BBO #652252)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Larry F. Eisenstat
Michael R. Engleman
Andrew S. Weinstein
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037
(202) 955-6676
eisenstatl@dsmo.com
englemanm@dsmo.com

**Counsel For Milford Holdings, LLC**

1783865 v5; 128FT05!.DOC