UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
PDC MILFORD POWER, LLC.,                       )
                                                                    )
               Plaintiff,                              )
                                                                    )
               v.                                           )   Case No. 04 10857 NG
                                                                    )
MILFORD HOLDINGS, LLC,                            )   Magistrate Dein
KBC BANK N.V.,                                             )
AUSTRALIA and NEW ZEALAND BANKING )
   GROUP LIMITED,                                        )
BNP PARIBAS,                                                  )
NIB CAPITAL BANK N.V.,                                 )
TEACHERS INSURANCE and ANNUITY     )
   ASSOCIATION OF AMERICA,                      )
WESTLB AG,                                                    )
SUMITOMO MITSUI BANKING                       )
   CORPORATION,                                          )
TRUST COMPANY OF THE WEST and          )
EXPORT DEVELOPMENT CANADA,             )
                                                                    )
               Defendants.                         )
_____)

**CERTAIN DEFENDANTS' MEMORANDUM OF LAW
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

This memorandum of law is submitted in support of the Motion to Dismiss filed by

Australia and New Zealand Banking Group Limited, BNP Paribas, WestLB AG, Sumitomo

Mitsui Banking Corporation, and Trust Company of the West ("Moving Defendants").[1]

**FACTUAL BACKGROUND**

---

[1] In support of their Rule 12(b)(1) and 12(b)(6) Motions to Dismiss, Australia and New Zealand Banking Group Limited, BNP Paribas, WestLB AG, Sumitomo Mitsui Banking Corporation and Trust Company of the West rely on papers already submitted to this Court by Milford Holdings, LLC and KBC Bank N.V.

On or about April 30, 2004, the Plaintiff, PDC Milford Power, LLC ("Milford Power") filed a verified Complaint against the Defendants. To date, the Plaintiff has not served the Summons and Complaint on all of the Defendants, including NIB Capital Bank N.V. and Export Development Canada.

In the Complaint, the Plaintiff fails to assert any statutory basis for personal jurisdiction over the Defendants pursuant to the Massachusetts long arm statute, M.G.L. c. 223A, § 3. (Complaint, ¶ 12) Furthermore, as to the Moving Defendants, the Plaintiff alleges only the following:

| Defendant: | Allegation as to Residence/Contacts: | Complaint: |
|---|---|---|
| Australia and New Zealand Banking Group Limited ("ANZ") | Incorporated under the laws of Australia, operates out of New York and does business in Massachusetts. | ¶ 4 |
| BNP Paribas ("BNP") | French banking corporation, operating out of New York and doing business in Massachusetts. | ¶ 5 |
| WESTLB AG ("West") | Joint stock company, incorporated under the laws of the Federal Republic of Germany, operating out of New York and doing business in Massachusetts. | ¶ 8 |
| Sumitomo Mitsui Banking Corporation ("Sumitomo") | Japanese corporation. | ¶ 9 |
| Trust Company of the West ("TCW") | Trustee of trust between Boilermaker-Blacksmith National Pension Trust and TCW; California based corporation, operating out of New York and doing business in Massachusetts. | ¶ 10 |

There is no allegation that any alleged act, omission or tort occurred in the Commonwealth. Nor is there any allegation that the relevant contracts were formed and signed

in Massachusetts or that there is a choice of law provision making Massachusetts the agreed upon forum for resolution of disputes.  Therefore, there is no basis for the Court to exercise specific *in personam* jurisdiction over the Moving Defendants.

In addition, there is no allegation in the Plaintiff's Complaint of any continuous or systematic business relationship with the Commonwealth as to any of the Defendants coupled with an alleged tortious act causing injury in the Commonwealth which would permit this Court to exercise general *in personam* jurisdiction over the Defendants.  The Affidavits submitted herewith demonstrate that the Plaintiff cannot establish the necessary contacts under the long arm statute (or under a due process analysis) to exercise personal jurisdiction over the Moving Defendants.

## ARGUMENT

It may not be necessary for the Court to reach the issue of whether the Defendants are subject to personal jurisdiction in Massachusetts because there are sufficient alternative grounds - as elaborated upon in the Motions to Dismiss filed by KBC Bank N.V. and Milford Holdings, LLC -  to dismiss the case in its entirety as to all Defendants.  However, the Court may also dismiss this case as to the Moving Defendants because this Court lacks personal jurisdiction over them.

I.      **THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

   A.      **12(b)(2) Standard.**

The Complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In order for the Court to exercise jurisdiction over a non-resident defendant, the Court must make a two-fold determination: "First, the Massachusetts long arm statute must be examined to determine whether it confers personal jurisdiction over the defendants. Second, this Court must determine whether the exercise of such jurisdiction comports with the Due Process requirements of the federal Constitution." Cognex Corp. v. Lemelson Med., 67 F. Supp. 2d 5, 7 (D. Mass. 1999), citing Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998). Jurisdiction over an out-of-state defendant is permissible only when both questions can be answered in the affirmative. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979).

Once the Defendant challenges the Court's jurisdiction over its person, the burden is on the Plaintiff to establish sufficient facts on which to predicate jurisdiction over the Defendants. Good Hope, 378 Mass. at 3. "When reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), a court must accept the facts alleged in the complaint as true and view any reasonable inferences in a light most favorable to the plaintiff. However, in order to establish a prima facie case of personal jurisdiction, it is not enough for the plaintiff to rely on the bare allegations of the complaint. Rather, "[t]he prima facie showing of personal jurisdiction must be based on evidence of the specific facts set forth in the record. The 'plaintiff must go beyond the pleadings and make affirmative proof.'" Sheridan v. Ascutney Mountain Resort Services, Inc., 925 F.Supp. 872, 875 (D.Mass. 1996)(internal citations omitted).

> **B.     The Complaint Fails to State a Basis for Personal Jurisdiction Over the Defendants.**

As an initial matter, the Complaint should be dismissed because it fails to allege a basis for personal jurisdiction over the Defendants under the Massachusetts long arm statute. Rule 8(a) requires that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." Fed. R. Civ. P. Rule 8(a). Here, the Complaint contains no such necessary statement explaining the grounds for personal jurisdiction. Without this statement, the Defendants are left to conjecture as to the basis for this Court's personal jurisdiction over the Defendants in this action. Therefore, the Complaint as to all Defendants should be dismissed.

> **C.     The Massachusetts Long Arm Statute Does Not Reach the Defendants.**

Absent a federal statute granting this Court jurisdiction over the Defendants, which has not been asserted here by the Plaintiff, the Court must look to the long arm statute of the state in which it sits. See In re: Lupron Marketing and Sales Practices Litigation, 245 F.Supp.2d 280, 288 (D.Mass. 2003). Here, the long arm statute does not reach the Defendants. Under the Massachusetts long arm statute, a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:

>   (a)   transacting any business in this commonwealth;
>
>   (b)   contracting to supply services or things in this commonwealth;
>
>   (c)   causing tortious injury by an act or omission in this commonwealth;

> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth;
>
> (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting….[2]

Mass. Gen. L. c. 223A, § 3.

None of these contacts have been alleged by the Plaintiff; nor do they exist in this case.

In fact, the Complaint makes no allegation that the Plaintiff's claims arise out of either: business transacted by the Defendants in the Commonwealth (§ 3(a)); a contract to supply services or things in the Commonwealth (§ 3(b)); a tortious injury caused by the Defendant's act or omission in the Commonwealth (§ 3(c)); any interest in any property held by the Defendants in the Commonwealth (§ 3(e)); or insure any person, property or risk located in the Commonwealth at the time of contracting (§ 3(f)).

Furthermore, the Complaint fails to set forth even a single allegation that the Defendants have caused the Plaintiff an alleged tortious injury in the Commonwealth by an act or omission outside the Commonwealth <u>and</u> that they are subject to general personal jurisdiction under § 3(d) because they regularly do or solicit business in Massachusetts, engage in a persistent enough course of conduct in the Commonwealth, or derive substantial revenue from goods used or consumed or services rendered in Massachusetts. In fact, conspicuously absent from the Complaint is a single allegation setting forth the nexus between this cause of action and any contact by the Moving Defendants with the Commonwealth of Massachusetts.

---

[2] The remaining sections of the long arm statute pertain to probate and family disputes not applicable to the Plaintiff's claims.

Because the long arm statute functions as the limit of personal jurisdiction allowed by the Constitution, the Plaintiff's failure to meet at least one of the criteria set forth therein (or even to allege some basis for jurisdiction under the long arm statute) is fatal to the Plaintiff's claims because this Court lacks jurisdiction over the Defendants as a matter of law. See Good Hope, 378 Mass. at 6-7 (in order for Court to have personal jurisdiction over the defendant, some basis for jurisdiction enumerated in M.G.L. c. 233A, § 3 must be established by the plaintiff even if the due process test is otherwise met); Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995)(contacts must be sufficient to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due Process clause). As a result of the Plaintiff's failure to demonstrate that the Defendants are subject to this Court's jurisdiction under the Massachusetts long arm statute, the Plaintiff's Complaint must be dismissed.

### D. Exercise of Personal Jurisdiction over the Defendants Would Violate Due Process.

#### 1. The Court Lacks Specific *In Personam* Jurisdiction.

Because the Plaintiff has not alleged any facts establishing the nexus between the litigation and the Defendants' alleged contacts with this Commonwealth, the Plaintiff has failed to set forth any facts which would allow the Court to exercise specific *in personam* jurisdiction over the Defendants. See Donatelli v. National Hockey League, 893 F.2d 459, 463 (1st Cir. 1990)(where plaintiff's claims do not arise out of, and are not directly related to defendant's contacts with the forum state, specific jurisdiction is lacking).

However, even if the Court assumes *arguendo* that the Complaint makes an allegation of specific jurisdiction over the Defendants, the Plaintiff fails to meet its burden of proof. The Due Process Clause of the United States Constitution requires satisfaction of three conditions to justify a Court's exercise of specific personal jurisdiction over a foreign defendant. First, the

claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 60 (1st Cir. 2002).  Second, the defendant's "in state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable."  Id. (citing Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995)).  Thus, "the defendant must have purposefully established minimum contacts with the forum such that he can reasonably anticipate being haled into that forum's court."  Bartow v. Extec Screens & Crushuers, Ltd., 53 F. Supp. 2d 518 (D. Mass. 1999) (citing Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 679 (1st Cir. 1992).  In other words, the defendant must have been given "fair warning" that a particular activity could subject it to the jurisdiction of a foreign sovereign.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  Third, due process requires that the exercise of personal jurisdiction comport with traditional notions of "fair play and substantial justice."  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

     Here, the Plaintiff fails to allege (or meet) any of the necessary elements of the three-part test.  This litigation is completely unrelated to Massachusetts.  Rather, the claim arises out of a loan agreement formed and signed in New York concerning a Connecticut power plant.  Even the LLC agreement governing the relationships of Milford Power Company has a Delaware choice of law and choice of forum provision.

     In addition, there is no allegation in the Complaint sufficient for this Court to find that that Moving Defendants had purposefully availed themselves of the benefits of doing business in Massachusetts in connection with the transaction or that they could reasonably foresee being

haled into Court on a dispute arising in this context, especially when none of the alleged acts or omissions which give rise to the Plaintiff's Complaint occurred in the Commonwealth.

Therefore, the Defendants are not amenable to suit in this Court on the basis of specific *in personam* jurisdiction.

> 2. **The Court Does Not Have General *In Personam* Jurisdiction Over the Defendants.**
>
>> (a). The Plaintiff Cannot Establish that the Defendants Had the Requisite Continuous and Systematic Contact with the Commonwealth Sufficient for the Exercise of General Jurisdiction.

While generally the litigation need not be founded on contact with the forum state for general *in personam* jurisdiction to exist under a due process analysis – provided there is continuous and systematic business activity by the defendant in the forum - under the Massachusetts long arm statute, there must be both: 1) a tortious injury within Massachusetts (even if caused by acts outside the forum); and 2) regular business or any other persistent course of conduct by the defendant, or the defendant must derive substantial revenue from goods used or consumed or services rendered in this commonwealth. See Merced v. JLG Industries, Inc., 170 F.Supp.2d 65, 70-71 (D.Mass. 2001)(limitations on personal jurisdiction imposed by the Massachusetts long arm statute exceed the due process requirements of the Constitution because the long arm statute requires a tangible connection to the forum through commercial or other appreciable contacts with the Commonwealth).

However, considering the Due Process analysis in isolation, the Plaintiffs still do not meet their burden of proof. The standard for asserting general jurisdiction over a defendant is considerably more stringent than the minimum contacts test for specific jurisdiction. See Donatelli, 893 F.2d at 463; Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1998). "In addition,

courts must exercise even greater care before exercising personal jurisdiction over foreign nationals." Noonan, 135 F.3d at 93.

Under a due process analysis, general jurisdiction may be found when the litigation is not directly founded on the defendant's forum-based contact, but there has been a continuous and systematic pursuit of general business activities by the defendant in the forum state. See Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. 1984); In re: Lupron, 245 F.Supp.2d at 288. In simple terms, the test for general jurisdiction gauges "the intensity and duration of the contacts between a nonresident defendant and the forum State." In re: Lupron, 245 F.Supp.2d at 288.

In order for the due process test to be met, the Plaintiff must demonstrate both continuous and systematic business contacts with the forum by the foreign defendant and that the exercise of jurisdiction is reasonable and consistent with notions of "fair play and substantial justice." United States v. Swiss American Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001); Noonan, 135 F.3d at 89 (for general jurisdiction, the long arm statute must authorize jurisdiction, the defendant must have sufficient contacts so that the exercise of jurisdiction does not offend due process, and the exercise of jurisdiction must be reasonable) . In assessing the nonresident defendant's contact with the forum, "courts look to factors like instate ownership of property, a license to do business within the state, the payment of state taxes, the instate presence of corporate offices, officers and employees, contracts signed with state residents, and the volume of business regularly transacted in the forum State." Id.  Single or isolated activity within a state is not enough to subject a corporation to suit on causes of action unconnected with the activities in the forum. Donatelli, 893 F.2d at 463, citing International Shoe Co. v. State of Washington, 326 U.S. 310, 317 (1945).  If the defendant's contacts with the forum "do not exist in sufficient abundance…the inquiry ends." Donatelli, 893 F.2d at 465.

Here, the Plaintiffs have not so much as alleged any such continuous or systematic business dealings within the Commonwealth. Looking to the Plaintiff's Complaint, it fails to allege any contact by Sumitomo whatsoever with Massachusetts (Complaint, ¶ 9). As to Defendants ANZ, BNP, West and TCW, at best the Plaintiffs have alleged that these companies "do[] business in Massachusetts" (Complaint, ¶¶ 4, 5, 8 and 10). There is, however, no colorable allegation of the types of contact necessary for the Court to exercise general jurisdiction over the Moving Defendants, nor is there any proof of these allegations beyond the pleadings.

Furthermore, the Plaintiffs cannot meet their burden of proving continuous and systematic contacts with the Commonwealth by the Moving Defendants. As set forth in the Affidavits of the Moving Defendants, attached hereto and incorporated herein, these Defendants do not have the type of contacts – in quantity or quality – necessary for the Court to exercise general jurisdiction over the Moving Defendants. Importantly, as a group, the Moving Defendants have caused no tortious injury in the Commonwealth (either by acts or omissions without or outside the Commonwealth) (Exhibits B through F). Furthermore, the contact of the Moving Defendants with the Commonwealth "do not exist in sufficient abundance" to permit the Constitutional exercise of personal jurisdiction over them. Donatelli, 893 F.2d at 465. Rather, their contacts are the type of limited or isolated contacts which are inadequate to fairly force them to answer a suit in this forum. Donatelli, 893 F.2d at 463, citing International Shoe, 326 U.S. at 317. As such, the Moving Defendants lack the necessary contacts with the forum sufficient for this Court to exercise general *in personam* jurisdiction over them.

      (b)    It Would Offend Traditional Notions of Fair Play and Substantial Justice to Require the Defendants to Respond to the Plaintiff's Suit in this Jurisdiction.

In addition to the necessary contacts, the Court must also look to criteria known as the "gestalt factors" relevant to whether it would be reasonable and consistent with "fair play and substantial justice" to force the Defendants to submit to the Court's jurisdiction.  See Donatelli, 893 F.2d at 465, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985).  Those factors include: "the plaintiff's interest in obtaining convenient and effective relief; the burden imposed upon the defendant by requiring it to appear; the forum's adjudicatory interest; the interstate juridical system's interest in the place of adjudication; and the common interest of all affected sovereigns, state and federal, in promoting substantive social policies." Donatelli, 893 F.2d at 465.  Weighing all of those factors, it would be unfair to force the Defendants to submit to this Court's jurisdiction.

The loans were made in New York by foreign corporations, and the subject matter of the loans was a Connecticut power plant.  Massachusetts has no real interest in this litigation and the burden on the Defendants clearly outweighs the Plaintiff's interest in convenience, especially where the loan documents had a New York choice of law provision.  The Plaintiff's status as a "Massachusetts LLC" is the only factor on the Plaintiff's side of the scale.   However, even this allegation is tenuous at best because a limited liability company is not a citizen of the state in which it was formed, but rather is a citizen of the state or states of which its members are citizens.  See JMTR Enterprises, LLC v. Duchin, 42 F.Supp.2d 87, 93 (D.Mass. 1999).  Here, the Plaintiff's Complaint alleges only that the Plaintiff is a Massachusetts LLC.  The Plaintiff fails to allege the citizenship of its members.  Therefore, the Plaintiff has failed to establish that even it is a citizen of the Commonwealth.

As a result of balancing of the "gestalt factors" as set forth above, it is clear that due process would be violated by requiring the nonresident Defendants to appear and defend this suit

in Massachusetts when the only connection between this litigation and the parties is that the Plaintiff-entity was purportedly formed here. As set forth in KBC's Memorandum in detail, however, the Plaintiff is in fact a citizen of several states, including New York, where the loan documents were signed.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that this Court dismiss the Complaint against the Moving Defendants because this Court lacks personal jurisdiction over the Moving Defendants.

By their attorneys,

_____/s/ Sander A. Rikleen_____
Sander A. Rikleen – BBO# 420280
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts  02110
Ph:  6174394444
Fx:  6174394170

Dated:  July 2, 2004

## CERTIFICATE OF SERVICE

I, Sander A. Rikleen, hereby certify that on July 2, 2004, I served the above document upon the other parties who have appeared herein by mailing a copy thereof, first class mail, postage prepaid, to their counsel of record and by filing the same electronically.

_____/s/ Sander A. Rikleen_____
Sander A. Rikleen