UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PDC MILFORD POWER, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> MILFORD HOLDINGS, LLC, <br> KBC BANK N.V., <br> AUSTRALIA and NEW ZEALAND BANKING <br>   GROUP LIMITED, <br> BNP PARIBAS, <br> NIB CAPITAL BANK N.V., <br> TEACHERS INSURANCE and ANNUITY <br>   ASSOCIATION OF AMERICA, <br> WestLB AG, <br> SUMITOMO MITSUI BANKING <br>   CORPORATION, <br> TRUST COMPANY OF THE WEST and <br> EXPORT DEVELOPMENT CANADA, <br><br> Defendants. | Case No. 04 10857 NG <br><br> Magistrate Dein |

### AFFIDAVIT OF Kathryn B. Quinn IN SUPPORT OF MOTION TO DISMISS

I, Kathryn B. Quinn, declare and state that:

1.     I am a Director of Defendant BNP Paribas. I make this affidavit at the request of counsel in connection with BNP Paribas's Motion to Dismiss. I have personal knowledge of the matters set forth herein and would be competent to testify thereto.

2.     BNP Paribas is a corporation organized under the laws of France liscensed to do business in the State of New York, doing business at 787 Seventh Avenue, New

BOS_BOS_447709_1.DOC/SRIKLEEN

York, New York. BNP Paribas has never been registered, licensed or qualified to do business in Massachusetts.

3.  The contracts which give rise to this litigation provide that New York law controls and that the signatories thereto submit to the jurisdiction of the Courts in New York. The contracts at issue were negotiated and signed outside of Massachusetts. There has never been any agreement that Massachusetts law should control nor any consent to jurisdiction of the Courts in Massachusetts.

4.  The transactions which are at issue in this case relate to an electric power plant located in Milford, Connecticut. None of the acts or omissions alleged by the Plaintiff to give rise to a cause of action against BNP Paribas occurred in Massachusetts.

5.  This action does not arise out of BNP Paribas' causing any tortuous injury by acts or omissions in Massachusetts, or causing tortious injury in Massachusetts as a result of acts or omissions taking place outside of Massachusetts.

6.  This action does not arise out of BNP Paribas transacting any business in Massachusetts; a contract by BNP Paribas to provide goods or services in Massachusetts; or an agreement by BNP Paribas to insure a person, property or risk located in Massachusetts.

7.  Upon information and belief, BNP Paribas does not have, and has never had, a place of business or any officers or employees in Massachusetts.

8.  Upon information and belief, BNP Paribas does not own, and has never owned, any real estate or tangible personal property in Massachusetts.

- 2 -

9.   Upon information and belief, BNP Paribas does not derive substantial revenue from goods used or consumed in, or services rendered to residents of, Massachusetts.

10.   BNP Paribas does not have any documents or witnesses relevant to this case which are located within Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct, this 2nd day of June, 2004.

Kathryn B. Quinn

### CERTIFICATE OF SERVICE

I, Sander A. Rikleen, hereby certify that on July 2, 2004, I served the above document upon the other parties who have appeared herein by mailing a true copy thereof, first class mail, postage prepaid, to their counsel of record and by filing the same electronically.

Sander A. Rikleen

BOS_BOS_447709_1.DOC/SRIKLEEN

TOTAL P.06