UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PDC MILFORD POWER, LLC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MILFORD HOLDINGS, LLC, ) <br> KBC BANK N.V., ) <br> AUSTRALIA and NEW ZEALAND BANKING ) <br>   GROUP LIMITED, ) <br> BNP PARIBAS, ) <br> NIB CAPITAL BANK N.V., ) <br> TEACHERS INSURANCE and ANNUITY ) <br>   ASSOCIATION OF AMERICA, ) <br> WESTLB AG, ) <br> SUMITOMO MITSUI BANKING ) <br>   CORPORATION, ) <br> TRUST COMPANY OF THE WEST and ) <br> EXPORT DEVELOPMENT CANADA, ) <br> ) <br> Defendants. ) | Case No. 04 10857 NG <br><br> Magistrate Dein |

## AFFIDAVIT OF JEFF V. NELSON IN SUPPORT OF MOTION TO DISMISS

I, Jeff V. Nelson, declare and state that:

1. I am Executive Director and Counsel of Defendant WestLB AG. I make this affidavit at the request of counsel in connection with WestLB AG's Motion to Dismiss. I have, after due inquiry, personal knowledge of the matters set forth herein and would be competent to testify thereto.

2. WestLB AG is a joint stock company organized under the laws of the Federal Republic of German, having its principal place of business at Herzogstrasse 15, 40217 Duesseldorf, Federal Republic of Germany, and is licensed by the Superintendent of Banks of the State of New York to maintain a branch in the State of New York for conducting the business of banking in the State of New York, which branch has it principal place of business at 1211 Avenue of the Americas, New York, New York 10036. WestLB AG has never been registered, licensed or qualified to do business in Massachusetts.

3. The contracts which give rise to this litigation provide that New York law controls and that the signatories thereto submit to the jurisdiction of the Courts in New York. The contracts at issue were negotiated and signed outside of Massachusetts. There has never been any agreement that Massachusetts law should control nor any consent to jurisdiction of the Courts in Massachusetts.

4. The transactions which are at issue in this case relate to an electric power plant located in Milford, Connecticut. None of the acts or omissions alleged by the Plaintiff to give rise to a cause of action against WestLB AG occurred in Massachusetts.

5. This action does not arise out of WestLB AG causing any tortuous injury by acts or omissions in Massachusetts, or causing tortious injury in Massachusetts as a result of acts or omissions taking place outside of Massachusetts.

6. This action does not arise out of WestLB AG transacting any business in Massachusetts; a contract by WestLB AG to provide goods or services in Massachusetts;

or an agreement by WestLB AG to insure a person, property or risk located in Massachusetts.

7. WestLB AG does not have, and has never had, a place of business or any officers or employees in Massachusetts.

8. WestLB AG does not own any real estate in Massachusetts.

9. WestLB AG does not have any bank accounts in Massachusetts.

10. WestLB AG pays no taxes to the Commonwealth of Massachusetts.

11. WestLB AG does not derive substantial revenue from goods used or consumed in, or services rendered to residents of, Massachusetts.

12. WestLB AG does not have any documents or witnesses relevant to this case which are located within Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct, this 2nd day of July, 2004.

Jeff W. Nelson

### CERTIFICATE OF SERVICE

I, Sander A. Rikleen, hereby certify that on July 2, 2004, I served the above document upon the other parties who have appeared herein by mailing a true copy thereof, first class mail, postage prepaid, to their counsel of record and by filing the same electronically.

Sander A. Rikleen