UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PDC MILFORD POWER, LLC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MILFORD HOLDINGS, LLC, ) <br> KBC BANK N.V., ) <br> AUSTRALIA and NEW ZEALAND BANKING ) <br>   GROUP LIMITED, ) <br> BNP PARIBAS, ) <br> NIB CAPITAL BANK N.V., ) <br> TEACHERS INSURANCE and ANNUITY ) <br>   ASSOCIATION OF AMERICA, ) <br> WestLB AG, ) <br> SUMITOMO MITSUI BANKING ) <br>   CORPORATION, ) <br> TRUST COMPANY OF THE WEST and ) <br> EXPORT DEVELOPMENT CANADA, ) <br> ) <br> Defendants. ) <br> ) | Case No. 04 10857 NG <br><br> Magistrate Dein |

### AFFIDAVIT OF WILLIAM HANEY IN SUPPORT OF MOTION TO DISMISS

I, William Haney, declare and state that:

1. I am the Senior Vice President and Deputy General Counsel, U.S.A. of Defendant Sumitomo Mitsui Banking Corporation ("SMBC"). I make this affidavit at the request of counsel in connection with SMBC's Motion to Dismiss. I have personal knowledge of the matters set forth herein and would be competent to testify thereto.

BOS_BOS_451064_1.DOC/SRIKLEEN

2. SMBC is a corporation organized under the laws of Japan. SMBC is a wholly owned subsidiary of Sumitomo Mitsui Financial Group, Inc. ("SMFG"), also incorporated in Japan. SMBC's principal place of business in the United States is in New York, NY.

3. SMBC was qualified to do business in Massachusetts in connection with the acquisition of the assets of a bank in 1996 or 1997, requiring SMBC's qualification to do business in Massachusetts. In connection with that acquisition, SMBC became the lessee of the acquired bank's office space in Boston. However, immediately upon the acquisition, SMBC closed the Massachusetts office of the acquired bank. Thereafter, in approximately 1999, SMBC was able to terminate the lease with the lessor. SMBC has not otherwise maintained an office in Massachusetts.

4. The contracts which give rise to this litigation provide that New York law controls and that the signatories thereto submit to the jurisdiction of the Courts in New York. The contracts at issue were negotiated and signed outside of Massachusetts. There has never been any agreement that Massachusetts law should control nor any consent to jurisdiction of the Courts in Massachusetts.

5. The transactions which are at issue in this case relate to an electric power plant located in Milford, Connecticut. None of the acts or omissions alleged by the Plaintiff to give rise to a cause of action against SMBC occurred in Massachusetts.

6. This action does not arise out of SMBC causing any tortious injury by acts or omissions in Massachusetts, or causing tortious injury in Massachusetts as a result of acts or omissions taking place outside of Massachusetts.

BOS_BOS_451064_1.DOC/SRIKLEEN

7. This action does not arise out of SMBC transacting any business in Massachusetts; a contract by SMBC to provide goods or services in Massachusetts; or an agreement by SMBC to insure a person, property or risk located in Massachusetts.

8. SMBC pays no taxes to the Commonwealth of Massachusetts.

9. SMBC does not regularly solicit business from residents of Massachusetts. Nor does it regularly advertise seeking business with Massachusetts residents or conduct business in Massachusetts.

10. SMBC does not derive substantial revenue from goods used or consumed in, or services rendered to residents of, Massachusetts.

11. SMBC does not have any documents or witnesses relevant to this case which are located within Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct, this 29th day of June, 2004.

_____
William Haney,
Senior Vice President and Deputy General Counsel,
U.S.A., Sumitomo Mitsui Banking Corporation

CERTIFICATE OF SERVICE

I, Sander A. Rikleen, hereby certify that on July 2, 2004, I served the above document upon the other parties who have appeared herein by mailing a true copy thereof, first class mail, postage prepaid, to their counsel of record and by filing the same electronically.

_____
Sander A. Rikleen

BOS_BOS_451064_1.DOC/SRIKLEEN